UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MILO BRICE** | * | **CIVIL ACTION NO. 11-0437**<br>Section P |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **JOHN SMITH (WARDEN)** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. §636(b)(1)(B), is a "Motion to Dismiss" [doc. 19] filed by respondent in the instant *habeas corpus* proceeding. For reasons explained below, it is recommended that the motion to dismiss be GRANTED, and that the petition be DISMISSED, without prejudice, for lack of subject matter jurisdiction.

## Background

Milo Brice filed the instant, pro se Petition for Writ of *Habeas Corpus* Under 28 U.S.C.§ 2241 on March 17, 2011. At the time of filing, petitioner was an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (DHS/ICE). He was detained at the Tensas Parish Detention Center, Waterproof, Louisiana, awaiting removal to his native country. Relying on *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491 (2001), petitioner argued that his continued detention in excess of six months violated his constitutional rights.

In light of the facts alleged by petitioner, the court ordered the government to respond to

the petition. (April 13, 2011, Mem. Order [doc. # 4]). On May 9, 2011, the government so complied. (Answer [doc. # 10]). Thereafter, the court appointed counsel to represent petitioner, and scheduled an evidentiary hearing for August 22, 2011. *See* June 17, 2011, Order Setting Evid. Hearing [doc. # 14].

On August 19, 2011, however, the government filed the instant motion to dismiss the petition as moot. In support of its motion, the government submitted *inter alia*, a declaration by Brian Gueringer,[1] attesting to the fact that on August 18, 2011, petitioner was released from custody under an Order of Supervision, pending removal. (Gueringer Decl.; M/Dismiss, Gov.'t. Exh. 1; *see also* Release Notification). The briefing deadline has since lapsed, but petitioner did not file a response. Accordingly, the motion is deemed unopposed. (Notice of Motion Setting [doc. # 20]). The matter is now before the court.

## Law and Analysis

Mootness is a threshold jurisdictional inquiry. *Louisiana Environmental Action Network v. U.S. E.P.A.*, 382 F.3d 575, 580-81 (5th Cir. 2004) (citation omitted). If the parties resolve a dispute, or if the dispute disappears because of changed circumstances, then the matter becomes moot and a case or controversy no longer exists. *See LEAN, supra; Piggly Wiggly Clarksville, Inc. v. Mrs. Baird's Bakeries*, 177 F.3d 380, 383 (5th Cir. 1999). "The case or controversy requirement of Article III of the Constitution requires a plaintiff to show that he and the defendants have adverse legal interests." *Bauer v. Texas*, 341 F.3d 352 (5th Cir. 2003) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 57 S.Ct. 461 (1937)). The court lacks jurisdiction when plaintiff fails to satisfy Article III's "case or controversy" requirement. *Hosein v.*

---

[1] Assistant Field Office Director for the Department of Homeland Security, ICE.

*Gonzales*, 452 F.3d 401, 403 (5th Cir. 2006).

It is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests on the party invoking the federal forum. *Id*. A district court may assess subject matter jurisdiction based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Randall D. Wolcott, M.D., P.A. v. Sebellius*, 635 F.3d 757, 762 (5th Cir. 2011) (citations omitted). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). Lack of subject matter jurisdiction may be raised at any time. *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).

Here, the evidence before the court uniformly establishes that the petitioner no longer resides in respondents' custody. Furthermore, because the only relief sought by petitioner was his immediate release from custody, the undersigned concludes that petitioner's challenge to his post-removal-order detention does not present a justiciable case or controversy; therefore, the court lacks subject matter jurisdiction. In the absence of subject matter jurisdiction, dismissal is required. Fed.R.Civ.P. 12(b)(1). Accordingly,

**IT IS RECOMMENDED** that the motion to dismiss [doc. # 19] filed on behalf of respondents be **GRANTED**, and that the Petition for Writ of *Habeas Corpus* be **DISMISSED**, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

Under the provisions of 28 U.S.C. §636(b)(1)(c) and FRCP Rule 72(b), the parties have

**fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, at Monroe, Louisiana, this 19th day of September 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE